GJ #01-1-87

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

02 MAY 22 AM II: 18

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

TOMAS BELLO-RENI
CARLOS PEREZ
MAYRA LAGUNA

CASE No. 6:02-Cr-45-Or1-28JGG

18 U.S.C. § 371
18 U.S.C. § 472
18 U.S.C. § 473
18 U.S.C. § 492 - Forfeitures
18 U.S.C. § 982 - Forfeitures
28 U.S.C. § 2461(c) - Forfeitures

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about December 31, 2001, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**TOMAS BELLO-RENI
CARLOS PEREZ
and
MAYRA LAGUNA**

the defendants herein, together with others known and unknown to the Grand Jury, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree among themselves and with each other to commit a certain offense against the United States, as follows:  to knowingly and willfully, with the intent to defraud, possess, pass, utter and publish falsely made and counterfeit obligations of the United States, that is, $20 Federal Reserve Notes, knowing that the Federal Reserve Notes were falsely made and counterfeited, in violation of Title 18, United States Code, Section 472.





## OVERT ACTS

In furtherance of the conspiracy, and to achieve the objects of the conspiracy, the defendants committed and caused to be committed in the Middle District of Florida the following overt acts, among others:

a.    On or about December 31, 2001, defendants TOMAS BELLO-RENI and CARLOS PEREZ entered the Value Pawn, 1874 South Semoran Boulevard, Orlando, Florida, and attempted to recruit an employee to accept counterfeit Federal Reserve Notes for the purchase of merchandise. The employee refused and TOMAS BELLO-RENI and CARLOS PEREZ left the store.

b.    Later, on or about December 31, 2001, defendants TOMAS BELLO-RENI and CARLOS PEREZ entered the Cash American Pawn Shop, 2101 South Semoran Boulevard, Orlando, Florida, and recruited MAYRA LAGUNA, an employee of Cash American Pawn Shop, to accept the counterfeit Federal Reserve Notes for the purchase of merchandise.

c.    On or about December 31, 2001, defendant TOMAS BELLO-RENI passed counterfeit $20 Federal Reserve Notes at Cash American Pawn Shop, 2101 South Semoran Boulevard, Orlando, Florida, to purchase jewelry in the amount of about $1,568.00.

d.    On or about December 31, 2001, defendant CARLOS PEREZ passed counterfeit $20 Federal Reserve Notes at Cash American Pawn Shop, 2101 South Semoran Boulevard, Orlando, Florida, to purchase jewelry in the amount of about $2,994.00.

2

e.    On or about December 31, 2001, defendant MAYRA LAGUNA, while working as a sales clerk at Cash American Pawn Shop, 2101 South Semoran Boulevard, Orlando, Florida, accepted the counterfeit $20 Federal Reserve Notes from TOMAS BELLO-RENI and CARLOS PEREZ as payment for the jewelry.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about December 31, 2001, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**TOMAS BELLO-RENI**
**CARLOS PEREZ**
**and**
**MAYRA LAGUNA**

the defendants herein, aiding and abetting each other, did knowingly and willfully, with the intent to defraud, possess, pass, and utter falsely made and counterfeit obligations of the United States, that is, $20 Federal Reserve Notes, and at that time the defendants knew that the Federal Reserve Notes were falsely made and counterfeited.

All in violation of Title 18, United States Code, Sections 472 and 2.

## COUNT THREE

On or about February 16, 2002, in Seminole County, Florida, in the Middle District of Florida, and elsewhere,

**TOMAS BELLO-RENI**

the defendant herein, did knowingly and willfully, with the intent to defraud, possess, pass, and utter falsely made and counterfeit obligations of the United States, that is,

3

$10 and $20 Federal Reserve Notes, and at that time the defendant knew that the Federal Reserve Notes were falsely made and counterfeited.

All in violation of Title 18, United States Code, Sections 472.

## COUNT FOUR

Beginning on or about April 9, 2002, and continuing through April 16, 2002, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

### TOMAS BELLO-RENI

the defendant herein, did knowingly and willfully sell, transfer, and deliver false and counterfeit obligations of the United States, that is $20 Federal Reserve Notes, with the intent that the same be passed, published, and used as true and genuine, and at that time the defendant knew that the Federal Reserve Notes were falsely made and counterfeited.

All in violation of Title 18, United States Code, Section 473.

## COUNT FIVE

On or about April 15, 2002, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

### TOMAS BELLO-RENI

the defendant herein, did knowingly and willfully, with the intent to defraud, possess, pass, and utter falsely made and counterfeit obligations of the United States, that is, a $20 Federal Reserve Note, and at that time the defendant knew that the Federal Reserve Note was falsely made and counterfeited.

All in violation of Title 18, United States Code, Sections 472.

## COUNT SIX

On or about April 16, 2002, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**TOMAS BELLO-RENI**

the defendant herein, did knowingly and willfully, with the intent to defraud, possess, pass, and utter falsely made and counterfeit obligations of the United States, that is, $20 Federal Reserve Notes, and at that time the defendant knew that the Federal Reserve Notes were falsely made and counterfeited.

All in violation of Title 18, United States Code, Sections 472.

## FORFEITURES

1.     The allegations contained in Counts One through Six are hereby realleged and incorporated by reference for purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Sections 492 and 982, and Title 28, United States Code, Section 2461(c).

2.     The defendants TOMAS BELLO-RENI, CARLOS PEREZ, and MAYRA LAGUNA shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 492, and Title 28, United States Code, Section 2461(c), all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation of this chapter or of Sections 331-333, 335, 336, 642 or 1720, of this title, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person

without authority from the Secretary of the Treasury or other proper officer.

3.    The defendant, TOMAS BELLO-RENI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in property constituting or derived from proceeds he obtained directly or indirectly as the result of such violations of Title 18, United States Code, Sections 472 and 473, as alleged in Counts One through Six of this Indictment.

4.    The defendant, CARLOS PEREZ, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in property constituting or derived from proceeds he obtained directly or indirectly as the result of such violations of Title 18, United States Code, Sections 472, as alleged in Counts One and Two of this Indictment.

5.    The defendant, MAYRA LAGUNA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest she may have in property constituting or derived from proceeds she obtained directly or indirectly as the result of such violations of Title 18, United States Code, Sections 472, as alleged in Counts One and Two of this Indictment.

6.    If any of the property described above, as a result of any act or omission of the defendants:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third party;

c.    Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under

the provision of Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section

2461(c).

A TRUE BILL,

_____
Foreman

PAUL I. PEREZ
United States Attorney

By_____
　　　Karen L. Gable
Assistant United States Attorney

By_____
FOR　Carolyn Adams
Managing Assistant U.S. Attorney

N:\KGable\Bello-Reni, Tomas (2002R00945)\Indictment.wpd

7

FORM OBD-34
APR 1991                              No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA
vs.
TOMAS BELLO-RENI
CARLOS PEREZ
MAYRA LAGUNA

## INDICTMENT

Violations:

18 U.S.C. §§ 371, 472 & 473

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of May, A.D. 2002.

_____
Clerk

Bail  $_____

GPO 863 525